IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**ROYCE R. TOMPKINS**                                              **PLAINTIFF**

**VS.**                                              **CIVIL ACTION NO. 3:12CV87-LRA**

**JAMES HOLMAN, ET AL**                                              **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Defendants filed a Motion to Dismiss for Failure to Exhaust Available Administrative Remedies [ECF No. 17, 23]. They allege that Royce R. Tompkins (hereinafter "Tompkins" or "Plaintiff") failed to exhaust the remedies available through the Administrative Remedy Program (ARP) of the Mississippi Department of Corrections [MDOC]. According to Defendants, Plaintiff did file a grievance concerning receiving a lay-in tray that was at Step One on April 5, 2012; he did not file a grievance regarding his medical care, food, clothing, and deliberate indifference. Plaintiff has responded to the Court's direction to address the issue of exhaustion [ECF No. 41], contending that he is not satisfied with the ARP process and setting forth responses that he has acquired *since* filing this lawsuit.

Tompkins filed this complaint on February 12, 2012, while an inmate at the Central Mississippi Correctional Facility ("CMCF") in Pearl. He alleges that his medical care has been inadequate and that he did not receive the "lay-in" that his medical conditions required. He admitted that he did receive the requested lay-in prior to the omnibus hearing.

Tompkins also admitted that he did not complete the Administrative Remedy Program prior to filing suit. According to Plaintiff, the process was too slow and did not follow MDOC policies.

In the instant case, Defendants allege that Plaintiff failed to complete the entire administrative review process before filing suit– only a complaint regarding his lay-in was filed. The applicable section of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997(e), provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

This statute clearly requires an inmate bringing a civil rights action in this Court to first exhaust his available administrative remedies. *Booth v. Churner*, 532 U.S. 731, 739 (2001). Exhaustion is no longer left to the discretion of the district court, but is mandatory. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). Exhaustion will not be excused when an inmate fails to timely exhaust his administrative remedies; the exhaustion requirement also means "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006). It is not enough to merely initiate the grievance process or to put prison officials on notice of a complaint; the grievance process must be carried through to its conclusion. *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001). This is so regardless of whether the inmate's ultimate goal is a remedy not offered by the administrative process, such as money damages. *Id.*

In *Jones v. Bock*, 549 U.S. 199, 211 (2007), the Supreme Court confirmed that exhaustion was mandatory under the PLRA and that "unexhausted claims cannot be brought in court." The Court did find that the failure to exhaust was an affirmative defense and prisoners were not required to plead exhaustion in the Complaint. *Id.* However, a case is still subject to dismissal where exhaustion is not plead. *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007).

The PLRA governs all of Tompkins's claims. Accordingly, Plaintiff is required to complete the ARP in its entirety before he is able to file suit under § 1983. According to Plaintiff, his ARP was not processed in a timely manner. Yet, the affidavit submitted by Plaintiff confirms that only an ARP based on the lay-in was filed, and Plaintiff does not dispute this. The requirement of exhaustion applies regardless of Plaintiff's opinion on the efficacy of the institution's administrative remedy program. *Alexander v. Tippah County, MS*, 351 F.3d 626, 630 (5th Cir. 2003). It is not for this Court to decide whether the procedures "satisfy minimum acceptable standards of fairness and effectiveness." *Booth*, 532 U.S. at 740 n. 5. Plaintiff's opinion that the ARP process would have taken too long is insufficient to overcome Supreme Court precedent mandating exhaustion of remedies available under the ARP.

The Fifth Circuit has recently confirmed that "the PLRA pre-filing exhaustion requirement is mandatory and non-discretionary," and that "district courts have no discretion to waive the PLRA's pre-filing exhaustion requirement." *Gonzalez v. Seal,* 702 F.3d 785, 787-88 (5th Cir. 2012) (per curiam); *Moussazadeh v. Texas Dept. of*

3

*Criminal Justice*, 703 F.3d 781, 788 (5th Cir. 2012) (quoting *Gonzalez*).  In an earlier case, the Fifth Circuit had held that "a non-jurisdictional exhaustion requirement may, in certain rare instances, be excused."  *Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998).  The Court in *Gonzalez* discussed the Supreme Court decisions in *Jones v. Bock* and *Woodford v. Ngo*, finding that the ruling in *Underwood* was no longer valid.  Specifically, the Court found:

> After *Woodford* and *Jones*, there can be no doubt that pre-filing exhaustion of prison grievance processes is mandatory.  We thus hold that *Underwood* has been tacitly overruled and is no longer good law to the extent it permits prisoner lawsuits challenging prison conditions to proceed in the absence of pre-filing administrative exhaustion.  District courts have no discretion to excuse a prisoner's failure to properly exhaust the prison grievance process before filing their complaint.  It is irrelevant whether exhaustion is achieved during the federal proceeding.  Pre-filing exhaustion is mandatory, and the case must be dismissed if available administrative remedies were not exhausted.

*Gonzalez*, 702 F.3d at 788.

In this case, Tompkins clearly did not exhaust his administrative remedies before filing this lawsuit, and the Court has no choice but to dismiss his Complaint.

For these reasons, the Court finds that Defendants' Motion to Dismiss for Failure to Exhaust Administrative Remedies must be **granted** and Plaintiff's Complaint shall be dismissed without prejudice.  Plaintiff may file another suit regarding his medical care only *after* completely exhausting his administrative remedies.

IT IS THEREFORE ORDERED that the Complaint is dismissed without prejudice.

SO ORDERED this the 26th day of March 2013.

/s/Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE